United States District Court
Southern District of Texas
**ENTERED**
June 05, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARCO RODRIGUEZ CARDONA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-2770 |
| | § | |
| TODD BLANCHE, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Marco Rodriguez Cardona ("Petitioner"), a citizen of Honduras, entered the country without inspection in 2002.[1]   On November 29, 2023, Petitioner was detained by Immigration and Customs Enforcement ("ICE") and served with a Notice to Appear charging him with inadmissibility pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."[2]   Petitioner was released from custody on bond on January 29, 2024.[3]   On March 19, 2026, Petitioner was transferred to ICE custody from the Harris

---

[1]Petition for Writ of Habeas Corpus ("Habeas Petition"), Docket Entry No. 1, p. 5 ¶ 18.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 5, p. 2; Habeas Petition, Docket Entry No. 1, p. 5 ¶ 21.

[3]Habeas Petition, Docket Entry No. 1, p. 5 ¶ 21.

County Jail and his immigration bond was cancelled.[4]  He remains in immigration custody.

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1).  Petitioner argues that his detention without a bond hearing violates due process and separation of powers principles.[5]

Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 5).  Respondents argue that Petitioner can legally be detained under § 1225(b)(2) because he is an applicant for admission.[6]  Petitioner has filed a reply.[7]

Petitioner's detention without a bond hearing does not violate substantive or procedural due process.  As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'"  Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721-22 (2003)).  Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because §

---

[4]Id. at 5-6 ¶ 23; Respondents' MSJ, Docket Entry No. 5, p. 2.

[5]Habeas Petition, Docket Entry No. 1, pp. 9-11 ¶¶ 40-56.

[6]Respondents' MSJ, Docket Entry No. 5, p. 1.

[7]Petitioner's Reply Brief & Opposition to Respondents' Motion for Summary Judgment, Docket Entry No. 6.

1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

Petitioner's "claims related to separation of powers fail because habeas corpus is available as a judicial remedy to challenge immigration detention." Maldonado Lozano v. Blanche, Civil Action No. 4:26-CV-02983, 2026 WL 1138372, at *1 (S.D. Tex. Apr. 21, 2026) (citing Jimenez v. Noem, Civil Action No. H-25-5853 (S.D. Tex. Feb. 10, 2026)).

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 5) is **GRANTED,** and Petitioner's Petition for Writ of Habeas Corpus (Docket Entry No. 1) is **DENIED.**

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 5th day of June, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-3-